UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Travis Zumwalt,

                    Plaintiff,                                    File No. 19-cv-2194 (PJS/LIB)

          v.

                                                          **REPORT AND RECOMMENDATION**

Advanced Marketing & Processing, Inc.
d/b/a Protect My Car,

                    Defendant.

          This matter is before the undersigned United States Magistrate Judge pursuant to a general

assignment, made in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as

well as, upon Defendant Advanced Marketing & Processing, Inc.'s ("Defendant") Motion to

Dismiss. [Docket No. 9]. The Court held a Motion Hearing on October 15, 2019.[1]

          For reasons discussed herein, the Court recommends that Defendant's Motion to Dismiss,

[Docket No. 9], be **DENIED in part and GRANTED in part** and that the above captioned matter

be **DISMISSED without prejudice**.

I.        **BACKGROUND AND STATEMENT OF FACTS**[2]

---

[1] Plaintiff did not appear at the hearing, nor, despite having notice of the motion to dismiss, did he submit any timely written opposition to the Motion to Dismiss.

[2] The facts in the present background and statement of facts are compiled from Plaintiff's Complaint, [Docket No. 1]. Generally, in evaluating a complaint, materials outside the pleadings cannot be considered on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" such as judicial records. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079). On October 28, 2019, after the hearing on the motion to dismiss, this Court received an undated letter from Plaintiff. (Letter to Magistrate Judge [Docket No. 25]). For purposes of Defendant's Motion to Dismiss, however, this Court will not consider the contents of Plaintiff's letter because it falls outside the pleadings, and even if the Court were to consider the untimely letter, it would not change the Court's analysis or recommendation below. See also, fn. 5, infra.

On July 5, 2019, Plaintiff Travis Zumwalt ("Plaintiff") filed his Complaint in Conciliation Court in Cass County. (Compl. [Docket No. 1-1]). Defendant, subsequently, removed the case to Federal Court on August 9, 2019. (Notice of Removal [Docket No. 1]).

Plaintiff, acting pro se, alleges in his Complaint that Defendant violated the Telephone Consumer Protection Act ("TCPA"). (See, Compl. [Docket No. 1-1]). Plaintiff alleges "8 Illegal Calls." (Id.). Plaintiff further alleges that he "never opted in for comunication [sic]," and that Defendant owes him $8,075.[3] (Id.). In addition, Plaintiff's alleges that Defendant "Sent E-mails + Letters via mail" and "Refuse[s] to take Responsibility for [its] Actions." (Id.).

## II.   DEFENDANT'S MOTION TO DISMISS, [DOCKET NO. 9]

On August 18, 2019, Defendant filed the present Motion to Dismiss, [Docket No. 9], and Memorandum in Support, [Docket No. 11]. Defendant's Motion to Dismiss, [Docket No. 9], seeks an Order of this Court dismissing Plaintiff's Complaint. Defendant argues that "Plaintiff fails to allege sufficient facts to show that this Court has personal jurisdiction over" Defendant, and "Plaintiff fails to assert sufficient factual allegations to state a cause of action for violation of the TCPA." (Mem. in Supp. [Docket No. 11], at 2, 4). Therefore, according to Defendant, Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (See, Id. at 6–7).

### A.  Standard of Review

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a party may move to dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable

---

[3] $8,000 in damages and $75 in filing fees and costs. (Id.).

2

inference that the defendant[ ] can be subjected to jurisdiction within the state." <u>K–V Pharm. Co. v. J. Uriach & CIA, S.A.</u>, 648 F.3d 588, 591–92 (8th Cir. 2011) (quotations and citations omitted). The party seeking to establish personal jurisdiction bears the burden of proof, and the burden does not shift to the party challenging personal jurisdiction. <u>Epps v. Stewart Info. Servs. Corp.</u>, 327 F.3d 642, 647 (8th Cir. 2003). For the purposes of a prima facie showing, the Court must view the evidence in the light most favorable to the non-moving party. <u>Westley v. Mann</u>, 896 F. Supp. 2d 775, 786 (D. Minn. 2012).

Courts use a two-step analysis to determine whether personal jurisdiction may properly be exercised over a defendant. <u>Myers v. Unknown Unidentified Mailroom Pers. of Bureau of Prisons Mailroom Staff at FCI–Englewood</u>, No. 13–3644 (PAM/JJK), 2014 WL 2818669, at *2 (D. Minn. June 18, 2014) (citing <u>Northrup King v. Compania Productora Semillas</u>, 51 F.3d 1383, 1387 (8th Cir.1995)). The Court first considers whether personal jurisdiction is proper under the law of the forum state, specifically, "whether jurisdiction exists under the state's 'long-arm statute.'" <u>Id.</u> "Second, the court's exercise of jurisdiction must be consistent with the [D]ue [P]rocess [C]lause of the Fourteenth Amendment." <u>Id.</u> In Minnesota, "[t]hese two inquiries collapse into one . . . because Minnesota's long-arm statute extends jurisdiction to the outer limits of the Due Process Clause." <u>Lexion Med., LLC v. SurgiQuest, Inc.</u>, 8 F. Supp. 3d 1122, 1126 (D. Minn. 2014) (citations omitted).

"Due process requires that the defendant purposefully establish 'minimum contacts' in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend 'traditional conceptions of fair play and substantial justice.'" <u>K–V Pharm. Co.</u>, 648 F.3d at 592 (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 464 (1985)). A "defendant must have engaged in 'some act by which the defendant purposefully avails itself of

the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. (quoting Burger King Corp., 471 U.S. at 475). "This purposeful-availment requirement is met where the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id.

When considering a motion to dismiss under Rule 12(b)(6), courts "look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir 1998)), cert. denied 525 U.S. 1178 (1999). Courts must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 438 (8th Cir. 2013) (quoting Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850 (8th Cir. 2012)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face." Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (citations and quotations omitted). Despite accepting all of the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, courts considering a Rule 12(b)(6) motion to dismiss are "not bound to accept as true a legal conclusion couched as a factual allegation." Carton, 611 F.3d at 454 (citations omitted);

4

see also, Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004); Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 664.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikcon v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir.1984); see also, Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted); see, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

**B. Analysis**

When a party seeks both dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6):

> the Court is obligated to first, as a threshold matter, determine whether it may exercise jurisdiction over [the defendant]. "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."

Yellow Brick Rd., LLC v. Childs, 36 F. Supp. 3d 855, 865 (D. Minn. 2014) (quoting Steele Co. v. Citizens for a better Env't, 523 U.S. 83, 94 (1998)).

### 1. Personal Jurisdiction

In liberally construing the Plaintiff's Complaint, it can reasonably be inferred from the allegations therein that this Court has personal jurisdiction over Defendant. (See, Compl. [Docket No. 1-1]).

Plaintiff filed his Complaint pro se, thus it must be liberally construed. See, Erikcon, 551 U.S. at 94. In his Complaint, Plaintiff alleges that Defendant violated the TCPA with "8 illegal Calls." (Id.). To invoke the TCPA, the calls made must necessarily have been from Defendant to Plaintiff. See, 47 U.S.C. § 227. Therefore, it is reasonable to infer from Plaintiff's allegations of "illegal" calls, that he is complaining of calls he allegedly received rather than calls he made, and that it was Defendant who placed the eight "illegal" phone calls to Plaintiff.

At the Motion Hearing regarding the present motion, Defendant conceded that "an inference can be drawn that those phone calls did come from the Defendant." It was further conceded by Defendant that if the Complaint is construed "very liberally," the calls it allegedly made were directed at a Minnesota resident and minimum contacts are established, and personal jurisdiction may be properly exercised over Defendant.

For the foregoing reasons, the Court recommends that, to the extent Defendant's Motion to Dismiss, [Docket No. 9], pertains to the lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the motion be **DENIED**.

### 2.  Failure to State a Claim

As noted above, Plaintiff alleges that Defendant violated the TCPA by placing eight illegal telephone calls to Plaintiff. (See, Compl. [Docket No. 1-1]). Plaintiff further alleges that he "never opted in" to the communications. (Id.).

Subject to certain exceptions, the TCPA prohibits "mak[ing] any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service" without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA also prohibits, subject to certain exceptions, "initiat[ing] any telephone call to any residential telephone line using an artificial voice to deliver a message without the prior express consent of the called party." Id. § 227(b)(1)(B).

To state a claim under § 227(b)(1)(A)(iii), "a plaintiff must allege that the defendant (1) called a cellular telephone number, (2) used an automatic telephone dialing system or an artificial or prerecorded voice to do so, and (3) lacked the plaintiff's prior express consent." Aquilar v. Ocwen Loan Servicing, LLC, 289 F. Supp. 3d 1000, 1005 (D. Minn. 2018) (citing 47 U.S.C. § 227(b)(1)(A)). Similarly, to state a claim under § 227(b)(1)(B), a plaintiff must allege the defendant (1) called a residential telephone number, (2) used an artificial voice to deliver a message, and (3) lacked the plaintiff's prior consent." See, 47 U.S.C. § 227(b)(1)(B).

Here, Defendant argues that Plaintiff fails to state a claim because he fails to: (A) "allege that [Defendant] called his telephone number;" (B) "allege that [Defendant] used a prerecorded voice, or artificial voice, in calling Plaintiff;" and (C) "allege[] that [Defendant] lacked Plaintiff's express consent." (Mem. in Supp. [Docket No. 11], at 5–6).

7

As explained above, in liberally construing Plaintiff's Complaint, it can be inferred that Plaintiff alleges Defendant placed eight calls to Plaintiff.[4] (See, Compl. [Docket No. 1-1]). Likewise, Plaintiff's allegation that "I never opted in for Communication" can be liberally construed to infer that Defendant lacked Plaintiff's prior express consent for it to make the calls. (See, Id.).

However, Plaintiff does not allege anywhere is his Complaint in any fashion that Defendant called him using an automatic telephone dialing system or an artificial or prerecorded voice.[5] The factual allegation that Defendant used an automatic telephone dialing system or an artificial or prerecorded voice is required to show that Plaintiff is entitled to relief under § 227(b)(1)(A)(iii), and the factual allegation that Defendant used an artificial voice to deliver a message is required to show that Plaintiff is entitled to relief under § 227(b)(1)(B). Therefore, Plaintiff's Complaint, on its face, fails to state a claim upon which relief can be granted under the TCPA.

For the foregoing reason, the Court recommends that, to the extent Defendant's Motion to Dismiss, [Docket No. 9], pertains to the failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the motion be **GRANTED**.

## III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

---

[4] This Court notes that Plaintiff does not specifically allege that the eight calls were placed to a cellular telephone number, nor does he specifically allege that they were placed to a residential telephone number. (See, Compl. [Docket No. 1-1]). Defendant has not, however, argued Plaintiff's Complaint fails to state a claim for this reason, and such an argument would be moot because this Court finds that dismissal is required due to Plaintiff's failure to allege a required element as explained below. (See, Compl.); 47 U.S.C. § 227(b)(1)(A)–(B).

[5] In the undated letter that this Court received from Plaintiff on October 28, 2019, (Letter to Magistrate Judge [Docket No. 25]), Plaintiff repeated that he received eight calls and described them as being made to his personal cellular phone. However, he still failed to allege in any way at all that Defendant used an automatic telephone dialing system or an artificial voice or prerecorded voice in making those eight calls. (See, Letter to Magistrate Judge [Docket No. 25]).

1.  Defendant's Motion to Dismiss, [Docket No. 9], be **GRANTED in part and DENIED in part**; and

2.  Plaintiff's Complaint, [Docket No. 1-1], be **DISMISSED without prejudice**.

Dated: November 8, 2019                          s/Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).